456 So.2d 529 (1984)
Willie Edward JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1208.
District Court of Appeal of Florida, Fourth District.
September 19, 1984.
Rehearings Denied October 17, 1984.
*530 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Appellant was charged with a variety of criminal offenses; and the jury ultimately found him guilty of (a) lesser offenses included in each of three of the counts and (b) two counts of possession of a concealed firearm. Appellant was sentenced to concurrent prison terms of one year on the three lesser included offenses and five years on one of the concealed firearm counts.[1] We affirm except as to the judgment for the second concealed firearm count, which we reverse.
Two issues raised by appellant merit discussion. The first is whether it was error for the trial court to allow the investigating officers to testify, over appellant's objection on the ground of hearsay, as to the content of the dispatch to which they responded. We hold that it was not. The second is whether it was error to adjudicate appellant guilty of two counts of possession of a concealed firearm in light of the facts of this case. We hold that it was.
As for the first issue, the officers' testimony as to the contents of the dispatch was allowed to establish that the statements were made, not that they were true. It is a common sense way to explain why the officers were at the particular place at the particular time, their purpose in being there and what they did as a result. We hope this will eliminate any practice, should it exist, of excluding similar testimony in future cases, as jurors have the right to expect to hear a logical sequence, which begins at the beginning.
We are not inventing such principle, although we would not hesitate to be the first to express it. In United States v. Walling, 486 F.2d 229, 234 (9th Cir.1973), the court said:
With respect to the temporary detention issue, Walling contends at the outset that the district court erred in allowing Fisher, at a pretrial suppression hearing, to testify to the information Swink had communicated to him, instead of requiring Swink to testify directly as to his own observations. This preliminary point is without merit. The purpose of offering Swink's extrajudicial statements through Fisher was not to prove the truth of that which Swink had observed, but to demonstrate those circumstances which served as a foundation for Fisher's own observations and actions immediately prior to and during the detention of the Cadillac. Thus, Fisher was not communicating to the jury the substance of that which was reported to him by Swink. Rather he was merely furnishing the basis in fact for those circumstances (which facts were derived from a highly reliable source, Swink) which resulted in an investigative lead. These relayed facts prompted him and his companion to cruise up Wildcat Canyon Road, and, ultimately, compelled him to pull over the Cadillac for a limited investigatory inquiry into the presence of its occupants at that time and place, and their relationship, if any, to the earlier unusual chain of events observed by Swink. Accordingly, there was no error in allowing him to so testify in this fashion. See Davis v. United States, 411 F.2d 1126, 1127-1128 (5th Cir., 1969); United States v. Campbell, 466 F.2d 529, 531 (9th Cir., 1972), cert. denied 409 U.S. 1062, 93 S.Ct. 571, 34 L.Ed.2d 516 (1972); see also Busby v. United States, 296 F.2d 328, 332 (9th Cir., 1961).
With respect to the second issue, we agree with appellant's contention that only a single crime occurs when a person at a given time carries more than one concealed *531 firearm, and with the holding in Watts v. State, 440 So.2d 505 (Fla.1st DCA 1983). There the court held that it was improper to convict a prison inmate of two counts of introducing into, or possessing a contraband weapon in, the prision, in violation of section 944.47(1)(a), Florida Statutes (1981), for having had, at the same time and place, two prison-made knives. Ultimately, the Watts opinion relies on the criterion of chronological and spatial relationships applied in Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), albeit with the caveat that preferably the legislature should make its purpose clear by the language it uses in the statutes so the prosecutors and courts would not need to infer. The effect of applying this criterion to the present case is that because appellant carried two concealed firearms at the same time and essentially in the same place, he was open to only one judgment on the offense of violating the concealed firearm statute.
HERSEY and DELL, JJ., concur.
NOTES
[1] No sentence was imposed on the second of the concealed firearm counts.