GLICKSTEIN, Judge.
This is an appeal from a judgment and sentence following a jury’s determination that the defendant was guilty of armed robbery, shooting within an occupied building and discharging a firearm in public. We reverse and remand for new trial because two of the errors asserted by appellant have merit.
First, allowing hearsay evidence by an officer who testified that he received “certain information” which led him to place appellant’s photograph in the second photographic lineup was harmful error. Unlike the fleeting reference in Barnes v. State, 470 So.2d 851 (Fla. 1st DCA 1985), this error was carved in stone on three separate occasions, depriving the accused of his constitutional right to confrontation. See Rolle v. State, 416 So.2d 51 (Fla. 4th DCA 1982); Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981); Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981).
Second, the trial court allowed Deputy Janson to testify as a rebuttal witness, notwithstanding the absence of his name from the witness list, without conducting a Richardson hearing as requested by the defendant.
*766 While clearly not a basis for new trial, we call the trial court’s attention to its failure to fulfill the writing requirements of Section 39.111(6), Florida Statutes (1983).
HERSEY, C.J., and HURLEY, J., concur.