494 So.2d 270 (1986)
Frank M. FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1091.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
*271 Norman Elliott Kent, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Penny H. Brill and Amy Diem, Asst. Attys. Gen., West Palm Beach, for appellee.
DELL, Judge.
Frank Freeman appeals from his conviction and sentence for possession of heroin, possession of cocaine, and possession of drug paraphernalia. He argues that the trial court erred when it allowed police officers to testify concerning information received from an informant that caused them to investigate the apartment in which they found the drugs and drug paraphernalia; when it admitted statements allegedly made by appellant to the police, without first conducting a Richardson hearing; and when it reinstructed the jury on possession. He also argues that the cumulative effect of these errors denied him a fair trial. We affirm.
While the police were investigating a disturbance at an apartment house, an informant approached one of the officers and reported that a man in room number nine had tried to sell him narcotics. The two officers went to apartment number nine and knocked on the door. When appellant opened the door the officers saw numerous clear capsules containing a white powdery substance, some tinfoil packets, and pipes and syringes on the bureau next to appellant. The officers arrested appellant.
Appellant first argues that the trial court should not have admitted the police officers' testimony about their conversation with the informant, because it constituted hearsay that deprived him of an opportunity to cross-examine the informant. Appellee contends that the testimony only explained why the officers went to the apartment and was not offered to prove the truth of the statement.
In Johnson v. State, 456 So.2d 529, 530 (Fla. 4th DCA 1984), we expressly approved the admission of an investigating officer's testimony, over appellant's hearsay objection, to the contents of a radio dispatch:
As for the first issue, the officers' testimony as to the contents of the dispatch was allowed to establish that the statements were made, not that they were true. It is a common sense way to explain why the officers were at the particular place at the particular time, their purpose in being there and what they did as a result. We hope this will eliminate any practice, should it exist, of excluding similar testimony in future cases, as jurors have the right to expect to hear a logical sequence, which begins at the beginning.
We cited United States v. Walling, 486 F.2d 229, 234 (9th Cir.1973) as authority for our holding in Johnson. Walling approved the admission of a police officer's testimony concerning information furnished to him by another police officer. The appellate court concluded that:
The purpose of offering Swink's extrajudicial statements through Fisher was not to prove the truth of that which Swink had observed, but to demonstrate those circumstances which served as a foundation for Fisher's own observations and actions immediately prior to and during the detention of the Cadillac.
Id. at 234.
The record supports appellee's argument that it did not introduce the police *272 officer's testimony for the purpose of proving that appellant was guilty of the sale of cocaine, or for the purpose of establishing that appellant had offered to sell the cocaine. The officer's testimony showed only that they went to the apartment because they had information that an offer to sell cocaine had occurred at that location. We hold that the court properly admitted this testimony on the authority of Johnson.
Appellant next contends that the trial court should have conducted a Richardson hearing before it permitted a police officer to testify about appellant's admission that he lived in apartment number nine. Appellee responds by asserting that a Richardson hearing is not required in the absence of a discovery violation. We agree. See Richardson v. State, 246 So.2d 771 (Fla. 1971). Before trial appellee furnished appellant's attorney with a copy of the police report. The police report specifically noted:
Defendant advised he stayed at room number nine. Persons in the rooming house advised declarant was renting the room. The defendant when he opened the door was pulling his pants up as if he were getting out of the turned down bed.
Appellee's response to appellant's demand for discovery also informed appellant's counsel that appellant had made an oral statement and that appellee intended to use the police report containing that statement at trial.
2. The items described below are within the prosecutor's possession, control, or knowledge, and are available for inspection, copying and/or photocopying... .
(a) Written, recorded and/or oral statements of Defendant
Yes: Oral to Police Officers
... .
(f) Tangible papers not obtained from or belonging to Defendant which the State intends to use at hearing or trial:
Police Reports; Certified Copies of Convictions/Rap Sheet; Lab Report.
Appellant's argument that "appellee filed an answer to discovery, but the answer did not reveal the statement of appellant to which objection was made at trial" is not supported by the record. Appellant had the police report and the state's response to his request for discovery before his trial began. These items fulfilled the state's obligation pursuant to rule 3.220, Florida Rules of Criminal Procedure. We hold that the trial court correctly concluded that no discovery violation had occurred.
Appellant next claims that the trial court erred when it failed to give a complete reinstruction on possession in response to a jury question about the difference between possession and attempted possession. After the jury notified the trial court that it needed reinstruction on the difference between possession and attempted possession, the trial judge asked whether they wanted him to define the terms possession and attempted possession. The jury responded in the affirmative. The trial judge then gave the following instruction:
THE COURT: All right. To possess means to have personal charge of or exercise the right of ownership, management or control over the thing possessed.
Possession may be actual or constructive. If a thing is in the hand of or on the person or in a bag or container in the hand of or on the person or is so close as to be within reach  I'm sorry  or is so close as to be within ready reach or is under the control of the person, it is in actual possession of that person.
If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.
Now, is that enough?
THE JURY: Yes.
JUROR NUMBER TWO: That's not enough. We need to know what attempted is.
THE COURT: All right. In order to prove that the defendant attempted to commit the crime of attempted possession, the State must prove that the defendant did some act towards committing the crime of possession of a narcotic that *273 went beyond just thinking or talking about it, and
2. That he would have committed the crime except that someone prevented him from committing the crime of possession of narcotics or he failed.
Now, does that answer your question?
THE JURY: Yes.
Although appellant concedes that the trial court initially gave a complete and correct instruction on possession he argues that he is entitled to a new trial because the trial court failed to give the complete instruction on possession when it reinstructed the jury. We disagree.
The supreme court in Henry v. State, 359 So.2d 864 (Fla. 1978), concluded that the trial judge had not abused his discretion when he gave an incomplete reinstruction on first and second degree murder where the jury asked him to clarify the difference between the two offenses. The court stated:
In Hysler v. State, 85 Fla. 153, 95 So. 573 (1923), this Court established the principle that it is proper for a judge to limit the repetition of the charges to those specially requested as any additional instruction might needlessly protract the proceedings. We echoed this principle in Hedges v. State, 172 So.2d 824 (Fla. 1965), but added the caveat that the repeated charges should be complete on the subject involved.
... .
... We can find no abuse of discretion in limiting reinstruction to a direct response to the jury's specific request. Indeed, to do otherwise might not only create confusion in the minds of the jurors but might give the appearance of placing the trial judge in the role of an interested advocate rather than an impartial arbiter. See East v. State, [339 So.2d 1104 (Ala.Cr.App. 1976)] supra. We also note that requiring the court to repeat all of its original instructions whenever the jury requests additional instructions upon a particular point would be both exhausting and time-consuming to the court, the jury, and the parties. The result might be a jury which is deterred from requesting and a court which is restrained from giving, supplemental instructions to help clarify a particular issue. People v. Schader, [71 Cal.2d 761, 80 Cal. Rptr. 1, 457 P.2d 841 (1969)] supra.
Id. at 866-67. See also Engle v. State, 438 So.2d 803 (Fla. 1983).
The trial judge responded directly to the jury's inquiry when it reinstructed them with that part of the standard jury instruction defining possession, constructive possession and attempted possession. We find no error in the omission of that part of the standard jury instruction on joint possession.
Finally, having found no error, we find no merit to the appellant's final point on appeal that the cumulative errors of the trial court denied appellant a fair trial. Accordingly, we affirm appellant's judgments and convictions in all respects.
AFFIRMED.
WALDEN, J., concurs.
ANSTEAD, J., specially concurs with opinion.
ANSTEAD, Judge, specially concurring.
I write separately only to note my view that any error in the allowance of the anonymous informant's out-of-court statements to the police officers was harmless in view of the other evidence of guilt presented at trial. I have reservations, however, about endorsing a blanket rule permitting officers to recount substantial hearsay statements of criminal activity under a narrow exception to the hearsay rule designed to permit officers to give some explanation of their presence or actions.