STONE, Judge.
The defendant was convicted of battery on a law enforcement officer, resisting arrest, fleeing a police officer, driving with a revoked or suspended license, and having improper plates attached to a vehicle. The incident arose out of a chase following an attempted traffic stop. After his apprehension and arrest on the first three charges, the arresting officer discovered that Hulzberg had no driver’s license. At trial, the officer testified that he then ran a radio check:
Q. Okay. Did you run a check on the car and the tags on the license?
A. Yes, I did.
Q. What, if anything, did you ascertain from that?
A. All right. At the time we first attempted to stop the car, the tags were radioed in and after we had apprehended him, we were advised that the tags were—
[Defense counsel]: Objection, Your Hon- or. Hearsay.
THE COURT: Overruled.
A. — we were advised by the dispatcher that the tag on the rear of the vehicle that we called in was stolen from Sunrise.
[[Image here]]
Q. He had no driver’s license. You ran a check and found them suspended?
A. Yes.
The defendant was not charged with the actual theft of the tag. The sole issue on appeal is the contention that the court erred in overruling the hearsay objection, and that the resulting testimony that the tag had been reported as stolen prejudiced defendant by implicating him in a collateral crime. We note that the prejudice issue was not raised before the trial court and that defendant’s motion for judgment of acquittal was directed solely at the level of violence used in resisting arrest. There was no motion for mistrial, and no request for a curative or explanatory instruction. Furthermore, the defense conceded throughout the trial that the defendant did not have a license, and that the tag found on the car was not the tag for that vehicle.
We find no error since the trial judge could conclude that the testimony was not introduced to prove the truth of the matter asserted. Cf. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 *701 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149, reh’g denied, 459 U.S. 1060, 103 S.Ct. 482, 74 L.Ed.2d 627 (1982); Freeman v. State, 494 So.2d 270 (Fla. 4th DCA 1986); Johnson v. State, 456 So.2d 529 (Fla. 4th DCA 1984), rev. denied, 464 So.2d 555 (Fla.1985). In any event, we must also conclude that any error was harmless. The evidence against the defendant on the battery, resisting, fleeing, and license charges, was overwhelming. The improper tag charge was essentially uncontested except for an argument not raised on this appeal. See, e.g., Roman v. State, 475 So.2d 1228 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986); Brown v. State, 473 So.2d 1260 (Fla.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985). The judgment and sentence are, therefore, affirmed.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.