544 So.2d 322 (1989)
Bartelmy HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1993.
District Court of Appeal of Florida, Fourth District.
June 7, 1989.
*323 Richard L. Jorandby, Public Defender and Thomas F. Ball, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC.
HERSEY, Chief Justice.
Appellant was convicted of possession of cocaine with intent to sell. A juvenile confidential informant approached a police officer and told him that a black Haitian male wearing a blue shirt and a hat was supplying him with cocaine to sell. The officer went to the location indicated by the confidential informant and approached appellant as he was leaning in the passenger window of a car. As the officer walked toward the car, he saw appellant raise his head above the roof of the car, look in the officer's direction, then make a jerking motion with his right hand toward the inside of the car. The officer saw a white blur leave appellant's hand and go into the car. Illuminating the car with his flashlight, the officer saw white, elongated cubes on the floor of the car. Appellant was arrested.
Prior to trial, defense counsel made a motion in limine to prohibit the introduction of statements made by the juvenile confidential informant to the officer because they were hearsay. The court stated that it was not "exactly hearsay" and denied the motion. In so stating, the trial court may well have been relying on Freeman v. State, 494 So.2d 270 (Fla. 4th DCA 1986), a case which finds some precedential support (not referred to in the opinion) in Ferrara v. State, 101 So.2d 797 (Fla. 1958).
There are two seeming exceptions to the hearsay rule which have been applied in circumstances similar to, but distinguishable from, those present in this case. The first of these is the concept of "verbal acts." We discussed this concept and its rationale in Decile v. State, 516 So.2d 1139 (Fla. 4th DCA 1987). In that case a police officer had arranged for a wired confidential informant to go into a house and purchase cocaine rocks while the officer stayed in an unmarked police van listening to what transpired. At trial the officer was permitted to testify as to the conversation between the informant and the appellant. We held that the statements were verbal acts because they served to prove the nature of the act as opposed to being offered to prove the truth of the statements themselves. "Under the verbal act doctrine, the statement is itself a part of the transaction. The uttered words are a verbal part of the act. Without the words, the act as a whole may be incomplete; and until the words are taken into consideration, the desired significance cannot be attributed to the wordless conduct." 23 Fla.Jur.2d Evidence and Witnesses § 233 (1980).
The nature of the circumstances in Decile permitted the officer's testimony to be classified as "verbal acts" because the statements themselves were part of the transaction. That is not so in our case. Here the occurrence was complete without the statements of the confidential informant. *324 The statements were not part of the transaction.
The second exception to the hearsay rule involves testimony which may be admissible where it is necessary to show a logical sequence of events. For example, in Johnson v. State, 456 So.2d 529 (Fla. 4th DCA 1984), rev. denied, 464 So.2d 555 (Fla. 1985), this court held that an investigating police officer's testimony as to the content of a dispatch to which various officers responded was admissible to explain why the officers were at a particular place at a particular time, their purpose in being there, and what they did as a result. It is noteworthy that the testimony was admitted to establish that the statements were made, not that they were true.
The Freeman case appears to have extended the Johnson case rationale. In Freeman, the trial court had admitted testimony to the effect that the reason for police officers knocking on appellant's door was that an informant told them that a man in apartment nine had tried to sell him narcotics. On appeal we said:
The record supports appellee's argument that it did not introduce the police officer's testimony for the purpose of proving that appellant was guilty of the sale of cocaine, or for the purpose of establishing that appellant had offered to sell the cocaine. The officer's testimony showed only that they went to the apartment because they had information that an offer to sell cocaine had occurred at that location. We hold that the court properly admitted this testimony on the authority of Johnson.

494 So.2d at 271-72.
The problem with the Freeman rationale is that the jury was permitted to hear incriminating evidence against the accused which is hearsay and which was not essential to establish a logical sequence of events. It would have been permissible to introduce a statement to the effect that the police officers knocked on the door of the apartment because of something they were told by an informant. It was not permissible to relate the accusatory remarks of the informant. Such information is inadmissible hearsay. Collins v. State, 65 So.2d 61 (Fla. 1953). While the error in Freeman may have been harmless, as suggested by the special concurrence, we emphasize that it is not a sufficient justification for the introduction of incriminating hearsay that the statement explains or justifies an officer's presence at a particular location or some action taken as a result of the hearsay statement. There is a fine line that must be drawn between a statement merely justifying or explaining such presence or activity and one that includes incriminating (and usually unessential) details. Our reasoning is further supported by the following explanation from McCormick on Evidence (3d ed. 1984):
However, one area of apparently widespread abuse should be noted. In criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct. His testimony that he acted "upon information received," or words to that effect, should be sufficient. Nevertheless, cases abound in which the officer is allowed to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports, on the ground that he was entitled to give the information upon which he acted. The need for the evidence is slight, the likelihood of misuse great.
In a similar circumstance, the first district has reached the same conclusion. In Haynes v. State, 502 So.2d 507 (Fla. 1st DCA 1987), a police officer was permitted to testify that a confidential informant told him that a black male, approximately six feet tall and wearing a straw hat and a Hawaiian shirt, was selling drugs in the lobby of the Grand Hotel. The court found that this testimony was inadmissible hearsay and noted that the comments of the non-testifying confidential informant were especially harmful because they were an accusation of guilt of a more serious crime, sale of drugs, than the crime for which appellant was actually convicted, possession of drugs. The court held that the *325 erroneous admission of inadmissible hearsay was not harmless and reversed and remanded for a new trial.
The facts of the instant case are strikingly similar. Officer Trombley was permitted to testify that a juvenile confidential informant told him that a black Haitian male wearing a blue shirt and a hat was supplying him with cocaine to sell on the street. The officer saw appellant throw something white into a stopped car. Appellant was standing outside the car. Cocaine rocks were found on the floor of the car by the officer and appellant was arrested. However, it was primarily the information from the confidential informant that tied the cocaine rocks to appellant. Without this testimony the connection would have been much more tenuous. Furthermore, the information testified to indicated a crime more serious than the one appellant was actually charged with and convicted of (transfer of drugs to a minor, punishable as a first degree felony as opposed to possession with intent to sell, punishable as a second-degree felony).
The state contends that any error could have been cured and that appellant should have requested a curative instruction. This court held to that effect in Allen v. State, 474 So.2d 261 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986). However, in Allen the success of a curative instruction was premised on the existence of substantive evidence of the defendant's guilt along with the ambiguous nature of the hearsay comment. There is no such ambiguity in the instant case and a curative instruction would not render the admission of the impermissible hearsay harmless. Accordingly we reverse and remand for a new trial.
To the extent that some of the language in Freeman conflicts with our holding here we recede from that language.
Because the point under consideration is dispositive of this appeal, we do not discuss appellant's additional arguments.
REVERSED AND REMANDED.
DOWNEY, ANSTEAD, LETTS, DELL, WALDEN, GUNTHER, STONE, WARNER, POLEN and GARRETT, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Justice, concurring specially.
I agree with the analysis and conclusions of the majority opinion and write to address the point not discussed in the majority opinion, but relevant at any retrial of appellant.
During cross-examination of appellant, the prosecutor asked appellant about his drug involvement with the juvenile confidential informant.
Q. Isn't it true that you sold some cocaine rock to that juvenile?
THE COURT: All right, slow down. Madame Reporter, the last question. You are going a little fast there.
MS. LONG: Your Honor, we have an objection to that question.
THE COURT: All right, I understand that, then let the Reporter come over and read it back.
(Whereupon, the previous question was read back by the Court Reporter).
THE COURT: The question was isn't it true that you were selling cocaine rocks to individuals at the corner, the juveniles at the corner?
MS. LONG: Your Honor, we move for a mistrial on the basis of collateral crimes on the prosecutorial misconduct.
THE COURT: Denied.
This was clearly improper; and there is, in my view, a reasonable possibility that the error contributed to the conviction. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986).