554 So.2d 552 (1989)
Darren SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2909.
District Court of Appeal of Florida, Fourth District.
November 29, 1989.
Rehearing Denied January 17, 1990.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
AFFIRMED.
HERSEY, C.J., and GUNTHER, J., concur.
WARNER, J., concurs specially with opinion.
WARNER, Judge, concurring specially.
The appellant claimed that the trial court admitted hearsay which constituted reversible error. The objectionable testimony came from a police officer responding to the scene of the robbery of which appellant was ultimately convicted. The officer testified that a passerby reported to her that three men were beating up another man in the parking lot of a newspaper building. The trial court admitted this testimony, which Appellant claims was contrary to Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989), because the passerby's statement to the police officer was accusatory and supplied evidence of appellant's guilt without providing for the appellant's right of confrontation of witnesses against him.
Although the statement did not identify appellant as one of the individuals doing *553 the beating, appellant claims that it was harmful in that the testimony contradicted his defense that a fourth person was involved and committed the offense. In Harris, as in Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981), and Fulmore v. State, 483 So.2d 765 (Fla. 4th DCA 1986), the hearsay statement was specific in its identification of the defendant as the guilty party. In this case there is no identification of appellant, just the presence of three men beating someone up. While I am of the opinion that hearsay statements may implicate a defendant in the commission of a crime other than by identification and run afoul of the right of confrontation, c.f., Favre v. Henderson, 464 F.2d 359, 362 (5th Cir.), cert. denied, 409 U.S. 942, 93 S.Ct. 235, 34 L.Ed.2d 193 (1972), the statement in this case was not such a statement. The fourth person defense was in no way defeated by this statement, as a review of the testimony of all of the participants makes it clear that only three persons were gathered around the car at the time which the occupant thereof was assaulted. Therefore, at most this hearsay statement was harmless error.