PER CURIAM.
Reversed and remanded for a new trial. The appellant was prosecuted for a drug transaction set up by an informant and defended on the grounds that he and his girlfriend were entrapped by the informant into securing the cocaine for the transaction. The state concedes that the trial court erred in admitting hearsay evidence, over objection, referring to a witness’s out-of-court conversation with the informant in which the informant stated that the appellant’s codefendant-girlfriend had previously said that she could supply cocaine to the informant. We cannot conclude that the error was harmless under the strict test set out in State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
In addition, although we find no error in the trial court’s ruling that a police officer could properly describe the circumstances of the drug transaction and the appellant’s conduct and demeanor, it would not be proper for the officer to express an opinion, based upon the appellant’s demeanor, as to whether the appellant had sold drugs before. Finally, we reject appellant’s claim that the prosecuting attorney made an improper argument to the jury.
ANSTEAD, DELL and POLEN, JJ., concur.