555 So.2d 443 (1990)
Karen RALSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2406.
District Court of Appeal of Florida, Fourth District.
January 17, 1990.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Ralston appeals from a judgment of conviction for trafficking in cocaine in violation of section 893.03(2)(a)(4), Florida Statutes (1987), a sentence of four years' incarceration and a $50,000.00 fine. She raises two points on appeal. We find merit with both points and reverse the conviction and sentence and remand for a new trial.
Appellant's arrest occurred through the assistance of a paid informant. At trial, *444 appellant raised the defense of entrapment. Over defense objection on hearsay grounds, the state introduced a police officer's testimony that a month earlier he had received a call from the informant who told him that, "Karen could supply cocaine." He further testified that in his opinion this was not the first time appellant had sold cocaine.
The state concedes that the officer's recitation of the informant's statements was impermissible under Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989), but that since appellant failed to request a curative instruction any error was harmless. We disagree. The informant's testimony was the only testimony that indicated appellant's predisposition to the crime which negated her entrapment defense. Without the testimony, the connection would have been tenuous. Likewise, any curative instruction would have been futile after the trial court overruled the objection and specifically stated that it found the objectionable evidence to be proper. We cannot conclude that the error was harmless under the strict test set out in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
In addition, although we find no error in the trial court's ruling that a police officer could properly describe the circumstances of the drug transaction and appellant's conduct and demeanor, it would not be proper for the officer to express an opinion, based upon the appellant's demeanor, as to whether appellant had sold drugs before. Accordingly, we reverse the conviction and sentence and remand for a new trial.
WALDEN, WARNER and POLEN, JJ., concur.