PER CURIAM.
Appellant Asberry has challenged his convictions and sentencing for robbery with a weapon, and grand theft. He contends that the trial court erred (1) in admitting hearsay testimony, (2) in failing to strike the jury panel and (3) in denying his motion for mistrial. Because we reverse and remand for a new trial on point one, we do not reach the remaining issues on appeal.
Asberry’s defense at trial was misidenti-fication. The state presented the victim’s testimony that she had borrowed an automobile from a friend named Frazier. When she stopped to use a public phone, *87 the accused approached her and placed an object to her head. In her fear, she dropped the keys to the borrowed automobile she was driving. Her assailant picked up the keys and took the automobile, after which she phoned authorities.
Consequently, the victim’s mother, Frazier and a police officer arrived on the scene. Over appellant’s hearsay objections, the court permitted her to testify that, when Frazier heard the description of her assailant given to the investigating officer, he stated that he recognized the person as Curt Asberry. Also over objection, the court permitted the prosecutor to elicit similar hearsay statements from the investigating officer and allowed the prosecutor to explore the officer’s perception of Frazier’s surprise and recognition upon hearing the victim’s description. Although the record indicates that Frazier was available to testify, he did not. Asberry rebutted this testimony with several witnesses placing him away from the scene when the offenses were committed.
Asberry maintains that Frazier’s identification statements are inadmissible hearsay. The state counters that the statements are admissible either because they were not offered to prove the truth of the matter asserted, but rather to explain the logical sequence of events which led police to suspect Asberry, or because they fit within the spontaneous statement exception. The trial court overruled appellant’s objections, finding that the testimony was not offered for the truth of the matter asserted, but to show what occurred and why.
We disagree. The jury was permitted to hear a non-testifying declarant’s out-of-court incriminating statement which was inessential to establish a logical sequence of events. See Haynes v. State, 502 So.2d 507 (Fla. 1st DCA 1987). It would have been proper for the state to elicit from the officer his conduct following victim’s statements, i.e. that Frazier’s response to those statements resulted in a particular course of investigation. It was neither permissible nor necessary to elicit the victim’s and the officer’s inculpatory remarks. There is a fine distinction between a statement justifying or explaining presence or activity, and one that includes incriminating details. Harris v. State, 544 So.2d 322, 324 (Fla. 4th DCA 1989). Without this hearsay testimony, the case against Asberry is greatly weakened in that the testimony bolstered the victim’s credibility. A curative instruction would have been futile because of the unambiguous nature of Frazier’s hearsay statements, because the error was not harmless in the circumstances, because Asberry was denied his right to confront witnesses against him, and because of the state’s failure to raise this argument. See Harris at 325; Ralston v. State, 555 So.2d 443, 444 (Fla. 4th DCA 1990). Cf. Smith v. State, 554 So.2d 552, 553 (Fla. 4th DCA 1990). Accordingly, we reverse the convictions and sentence, and remand for a new trial.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WENTWORTH, MINER and WOLF, JJ., concur.