573 So.2d 74 (1990)
Richard COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2791.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
Richard L. Jorandby, Public Defender and Mallorye Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Sylvia Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant seeks review of his conviction and sentence for culpable negligence, delivery of cocaine within 1000 feet of a school, resisting arrest with violence, fleeing and eluding and reckless driving, all the result of a buy/bust operation. Appellant raises three points on appeal: imposition of an *75 illegal sentence, error in the admission of the police officer's testimony regarding the confidential informant's telephone conversation with appellant, and denial of appellant's requested jury instruction on the justifiable use of non-deadly force. We affirm in part and reverse and remand in part.
In response to appellant's motion to relinquish jurisdiction for correction of an illegal sentence filed with this court October 4, 1990, we have chosen to sua sponte address the merits of the case and the additional points raised on appeal. Initially we acknowledge that the state conceded and we agree that the trial court reversibly erred in imposing a sentence outside the guidelines without providing written reasons for the departure and in subsequently denying appellant's motion to correct the illegal sentence. Therefore, we reverse and remand for resentencing within the guidelines range. Pope v. State, 561 So.2d 554 (Fla. 1990).
Appellant also alleges error in the trial court's allowing, over objection, Detective Peluso to testify as to what he overheard during the confidential informant's telephone conversations arranging the buy/bust operation. Appellant claims the testimony was inadmissible hearsay. The state claims the testimony was not hearsay as it was introduced to show the steps taken in regard to the operation rather than to prove the truth of the matter asserted. See Johnson v. State, 456 So.2d 529 (Fla. 4th DCA 1984), rev. denied, 464 So.2d 555 (Fla. 1985).
In Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989), this court examined the rationale behind Johnson and Freeman v. State, 494 So.2d 270 (Fla. 4th DCA 1986). We opined that there are two types of exceptions to the hearsay rule applied to these types of scenarios. The first is the concept of "verbal acts" wherein without the words the act as a whole is incomplete. The words served to prove the nature of the act rather than assert the truth of the statements themselves. The second involves the instant situation, wherein admission of the conversation is alleged to be necessary to show a logical sequence of events. We concluded that what is permissible is only that information which was essential to establish a logical sequence of events. It was not permissible to introduce the accusatory remarks of the informant. "There is a fine line that must be drawn between a statement merely justifying or explaining such presence or activity and one that includes incriminating (and usually unessential) details." Id. at 324. In Harris we found admission of the hearsay testimony that a black male wearing a blue shirt and hat was supplying the informant with cocaine, was reversible error because the information was not ambiguous and curative instruction would not have rendered it harmless. Id. at 325. See also Ralston v. State, 555 So.2d 443 (Fla. 4th DCA 1990); Florio v. State, 554 So.2d 633 (Fla. 4th DCA 1989); Baird v. State, 553 So.2d 187 (Fla. 1st DCA 1989). Cf. Smith v. State, 554 So.2d 552 (Fla. 4th DCA 1989); Allen v. State, 474 So.2d 261 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986).
In this case, after examination of the nature of the suspect comment, we find the retelling of what occurred does not appear to involve the "accusatory remarks" of the informant about the defendant found to be impermissible in Harris. It contained neither a physical nor name identification of either the defendant or his vehicle. Although portions of the testimony might have been more detailed than necessary, it was a rather ambiguous recounting.
We do however, find reversible error in the trial court's denial of appellant's requested jury instruction on the justifiable use of non-deadly force.
As the result of a buy/bust operation setup, on February 21, 1989, Detective Peluso, dressed undercover as an Eastern Airlines mechanic, and confidential informant Corners met appellant at Sonny's Barbecue parking lot (located across the street from a school), where the buy was to go down. Peluso, who denied being a police officer to appellant, told appellant he had three one hundred dollar bills and handed him the money in exchange for the cocaine.
*76 After the transfer occurred and upon a prearranged signal, three unmarked police vehicles converged on the scene. Peluso, who had positioned himself so that a portion of his arm remained inside appellant's vehicle, drew his gun and informed appellant that he was a police officer and that appellant was under arrest. Appellant then slammed his car into reverse and attempted to flee the scene. During his attempt to flee, appellant's car hit one of the other cars and at the same time struck Peluso's forearm against appellant's windshield. During the commotion, shots were fired and one of the officers fell to the ground as appellant's vehicle passed him. Appellant continued to flee and was eventually captured and arrested.
It is well settled law that the defense is entitled to jury instructions on his theory of defense if evidence has been introduced to support those instructions. Hansbrough v. State, 509 So.2d 1081 (Fla. 1987). Appellant's theory of defense to the charge of resisting arrest with violence was that the force he used in driving away from Peluso, who he did not know at the time was an officer, was justifiable use of non-deadly force. The resisting occurred when appellant backed his vehicle up and accelerated. Appellant contends that the jury could have believed he was backing up to avoid the gun from this person he thought was a drug dealer. Therefore, he requested the jury be instructed on justifiable use of non-deadly force in addition to the given instructions on self-defense, justifiable use of deadly force and resisting arrest without violence.
The state objected to the instruction on justifiable use of non-deadly force, claiming that a car travelling at a decent rate of speed is deadly force. We agree with appellant that whether the force used was deadly, was a question for the jury. We find unconvincing the state's harmless error argument based on the assumption that because the other instructions were given and appellant found guilty, the jury would have likewise rejected appellant's defense of justifiable use of non-deadly force.
Here the jury was not permitted to question whether the use of an automobile in attempted flight is use of a deadly weapon. By offering only the given instruction on justifiable use of deadly force, the jury was only required to weigh appellant's use of deadly force against the force used by his opponent, in this case, the undercover officer. The jury may well have considered that even if appellant thought he was fleeing from a gun-toting drug dealer, the use of deadly force was too extreme. If, on the other hand, the jury could have determined that fleeing in a vehicle was not use of deadly force, then they might have found that the amount of force used by appellant was justifiable when weighed against his opponent's use of a gun. Therefore, denial of the instruction cannot be said to be harmless error.
We affirm the convictions for culpable negligence, delivery of cocaine within 1000 feet of a school, fleeing and eluding and reckless driving, but reverse and remand for a new trial as to the charge of resisting arrest with violence and resentencing consistent with this opinion.
GLICKSTEIN, WARNER and POLEN, JJ., concur.