PER CURIAM.
Eugene Burney appeals his convictions for first and second degree murder. We reverse and remand for a new trial.
We reverse because we conclude that the trial court erred in permitting hearsay testimony to be introduced. Bur-ney correctly contends that hearsay testimony by Howard[1] and James[2] was improperly introduced to the effect that unidentified individuals had implicated Bur-ney in the murders. In support of the admissibility of the testimony, the state asserts that the witnesses’ testimony was necessary to present a logical sequence of events to the jury. In State v. Baird, 572 So.2d 904, 908 (Fla.1990), the Florida Supreme Court stated:
We agree with the Fourth District Court of Appeal in Harris v. State, 544 So.2d 322, 324 (Fla. 4th DCA 1989), that when the only purpose for admitting testimony relating accusatory information received from an informant is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood of misuse is great. In light of the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried, we agree that when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a “tip” or “information received,” without going into the details of the accusatory information. 544 So.2d at 324.
Similarly, in the instant case, the need for Howard’s testimony concerning what prompted him to bring the murder weapon to the police station was slight. The state did not need to establish why Howard came to the police station and the likelihood of misuse of this portion of Howard’s testimony was great. In light of the inherently prejudicial effect of an out-of-court statement that Burney murdered the victims, the better practice would have been to allow Howard to testify that he acted on a “tip” or “information received,” without going into the details of the accusatory information.
Although the hearsay testimony offered by James did not directly implicate Burney in the murders, after hearing testimony from other witnesses, the jury could reasonably infer that Burney was involved. See Smith v. State, 554 So.2d 552, 553 (Fla. 4th DCA 1989) (where Judge Warner, concurring specially, acknowledged “that hearsay statements may implicate a defendant in the commission of a crime other than by identification and run afoul of the right of confrontation”). Additionally, we agree with Burney’s assertion that it was irrelevant why James went to Howard’s house. Thus, we conclude that James’ hearsay testimony was inadmissible.
The state asserts that even if Howard’s and James’ testimony was inadmissible hearsay, the error was harmless under State v. DiGuilio, 491 So.2d 1129 (Fla.1986). However, the state does not give *748 any reasons why the error was harmless. In DiGuilio, the Florida Supreme Court stated:
Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state, (emphasis added)
Id. at 1139.
In the instant case, the state has not even attempted to meet its burden. Furthermore, because there was a reasonable possibility that inadmissible testimony affected the jury’s verdict in this highly contested murder case, we hold that the error was not harmless, but was reversible error.
On retrial, that portion of the videotape which repeatedly shows the medical examiner probing the victims’ bullet wounds with his fingers and manipulating the heads and bodies of the victims (one such manipulation causing blood to bubble from the nose of the victim) should be excluded from the evidence admitted in the case. Not only does the danger of unfair prejudice to Burney far outweigh the probative value of the videotape, but the state has failed to show the necessity for the admission of that portion of the tape. Hoffert v. State, 559 So.2d 1246 (Fla. 4th DCA 1990).
In all other respects we affirm the trial court.
REVERSED AND REMANDED FOR A NEW TRIAL.
GUNTHER and WARNER, JJ., concur.
LETTS, J., dissents without opinion.

. Howard testified that he brought the gun Bur-ney had borrowed from him to the police station after Burney showed up at his house at 6:30 a.m. on the morning of the murders to return the gun because he "got a call that ... he had ... killed some people.”

. James, Howard’s cousin, testified that he went to Howard’s house on the night of the murders because he "had heard about two murders in Riviera Beach and a friend of my cousin had been friends with the accused person.”