COPE, Judge.
C.S. appeals an adjudicatory order finding that he was in possession of two concealed firearms in violation of subsection 790.01(2), Florida Statutes (1991). We affirm.
C.S. was a passenger in the rear seat of an automobile that was stopped for a traffic violation. While conducting the stop, the two arresting officers observed that C.S. had his hands behind his back and was making some unusual upward and downward motions. C.S. was ordered three separate times to bring his hands out from behind his back, *182 which he refused to do. The officers then removed C.S. from the car.
The officers observed a box of ammunition which was protruding from the crevice between the seat and the seat back. Upon taking a closer look, the officers also could see a .38 caliber handgun which had been pushed into the crevice between the seat and seat back. The officers then removed the seat, and found a .25 caliber handgun which was underneath the seat, directly under the place where C.S. had been sitting.
The State filed a petition for delinquency, charging C.S. with two counts of carrying a concealed firearm in violation of subsection 790.01(2), Florida Statutes (1991). One count pertained to the .25 caliber handgun while the other pertained to the .38 caliber handgun. The trial court found against C.S. on both counts.
On this appeal C.S. contends that he could only be convicted on one of the two counts. He concedes that the evidence was sufficient with regard to the charge pertaining to the .38 caliber handgun. He argues, however, that the evidence was insufficient to show that he had concealed the .25 caliber handgun on or about his person within the meaning of the statute. More particularly, C.S. argues that there is simply no evidence which would show that he had knowledge of, or the ability to control, the .25 caliber handgun. See Wilcox v. State, 522 So.2d 1062, 1063-64 (Fla. 3d DCA 1988). We disagree.
In this case the officers testified that C.S. had his hands behind his back and was making unusual up and down motions which they observed from outside the car. Taking the evidence in the light most favorable to the State, id. at 1063, the evidence is sufficient for a finding that C.S. first pushed the .25 caliber handgun through the crevice at the back of the seat, thus concealing it. He then pushed the .38 caliber handgun and ammunition into the same crevice, but had not succeeded in completely concealing the .38 caliber handgun and box of ammunition when he was taken out of the ear. We conclude that the evidence is sufficient to support the trial court’s findings on both counts.
C.S. makes an alternative argument for acquittal on one of the two counts of carrying a concealed firearm. Relying on Johnson v. State, 456 So.2d 529 (Fla. 4th DCA 1984), review denied, 464 So.2d 555 (Fla.1985), overruled on other grounds, Conley v. State, 620 So.2d 180 (Fla.1993), C.S. argues that when a person “carried two concealed firearms at the same time and essentially in the same place, he was open to only one judgment on the offense of violating the concealed firearm statute.” 456 So.2d at 531. Again, we disagree.
The concealed firearm statute states, ‘Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree.” § 790.01(2), Fla. Stat.(1991). Writing in the context of the theft statute, the Florida Supreme Court has said:
We find that the use of the article “a” in reference to “a firearm” in section 812.-014(2)(b)3 clearly shows that the legislature intended to make each firearm a separate unit of prosecution. The construction which this Court and the district court place on this statute is consistent with federal court decisions construing similar federal statutes. Federal courts have held that the term “any firearm” is ambiguous with respect to the unit of prosecution and that several firearms taken at the same time must be treated as a single offense with multiple convictions and punishments being precluded, [citations omitted] On the other hand, the phrase “to receive or possess a firearm ” has been held to express a legislative intent to allow separate prosecutions for each firearm.
Grappin v. State, 450 So.2d 480, 482 (Fla.1984) (citing, inter alia, United States v. Alverson, 666 F.2d 341, 347 (9th Cir.1982); Sanders v. United States, 441 F.2d 412, 414-15 (10th Cir.), cert. denied, 404 U.S. 846, 92 S.Ct. 147, 30 L.Ed.2d 82 (1971)). Grappin concluded that the phrase “a firearm” is clear on its face and that there is no room for application of the rule of lenity. 450 So.2d at 482.
C.S.’s reliance on Johnson v. State is misplaced. Johnson relied on a First District Court of Appeal decision, Watts v. State, 440 *183 So.2d 505 (Fla. 1st DCA 1983). Subsequently, the Florida Supreme Court approved the result reached in Watts, State v. Watts, 462 So.2d 813 (Fla.1985), but specifically disapproved the portion of the First District opinion which constituted the underpinning for the Fourth District’s decision in Johnson. See State v. Watts, 462 So.2d at 813-14. Thus, the Fourth District’s statutory analysis of the concealed firearm statute in Johnson does not survive the Florida Supreme Court’s opinions in State v. Watts and Grappin v. State.[1]
The trial court’s determination on both counts in the present ease was correct.
Affirmed.[2]

. In Watts v. State, the First District held that there was no statutory difference between the phrase “a firearm" and the phrase "any firearm.” 440 So.2d at 510-11. In so holding, the First District expressly disagreed with the Second District's analysis in State v. Grappin, 427 So.2d 760 (Fla. 2d DCA 1983). However, the Florida Supreme Court later approved the Second District’s analysis. Grappin v. State, 450 So.2d at 482. Grappin held that the phrase "a firearm" made a single firearm the unit of prosecution, while the phrase "any firearm” is ambiguous and allows a conviction for only a single offense where the defendant simultaneously possesses multiple firearms. 450 So.2d at 482. When Watts reached the Supreme Court the following year, the court applied Grappin's "a/any” test. State v. Watts, 462 So.2d at 814. Because the statute involved in Watts referred to "any weapon,” the Supreme Court approved the result in Watts, but not the First District’s reasoning. 462 So.2d at 813-14.

. Grappin's analysis of the theft statute has been held to be subject to an exception where a thief in a single act takes an enclosed bag containing multiple items. Johnson v. State, 597 So.2d 798, 799 (Fla.1992). No such issue is presented in the instant case. Here, separate acts of concealment were required for each of the two firearms.