NORTHCUTT, Judge.
Wayne Bennett argues that his conviction for trafficking in cocaine must be reversed for two reasons: (1) that the trial court erred in admitting the testimony of a police officer, and (2) that it erred by restricting Bennett’s cross-examination of a witness. We agree with both contentions, reverse Bennett’s conviction, and remand for a new trial.
The events leading to the charges against Bennett began when a confidential informant told Hillsborough County Sheriffs Detective Leon Paige that a eoworker, George Shuler, was selling drugs. Detective Paige began buying drugs from Shuler, increasing the quantity each time he made a purchase. Paige testified that he did this in an attempt to discover who was supplying Shuler with the drugs. Eventually, Paige negotiated to buy a quarter kilogram of cocaine from Shu-ler. Shuler told Paige that he was obtaining the drugs from someone in Miami, and that he would call Paige when the drugs became available.
Eventually, Shuler arranged to meet Paige in the parking lot of a fast food restaurant to consummate the previously-arranged drug deal. Paige, the informant, and another man were waiting in the parking lot when Shuler arrived in a car driven by Wayne Bennett. Bennett parked next to Paige’s ear. When Shuler stepped out of the car, Paige saw him put a plastic bag down the front of his pants. Bennett drove away and parked in another space. Shuler entered'Paige’s car, then suggested they move because police were in the area. Shuler directed the driver to pull in next to Bennett’s car, which he did. Bennett did not get out of his car.
When Paige saw that Shuler had drugs with him, he gave a prearranged signal 'for patrol units in the area to move in. As the police ears'entered the lot, Bennett started to back out. The deputies tried to block him, but he struck one of the police vehicles, drove onto a grass area, and eventually escaped down a main road. A sheriffs deputy followed Bennett until he stopped in front of a grocery store. The deputy took Bennett into custody and returned him to the restaurant’s parking lot. Detective Paige read Bennett his Miranda[1] rights and questioned him. Bennett claimed that he had merely given Shuler a ride. He said he knew nothing about the drug deal.
We begin our discussion by noting that the only evidence connecting Bennett to the crime, other than the fact that he drove Shuler to the meeting, was Shuler’s testimony that Bennett was his supplier. The police did not find drugs in Bennett’s car or on his person. The bag containing the drugs Shuler gave to Paige was. not tested for fingerprints. On cross-examination, Detective Paige admitted that neither Shuler nor the informant had ever mentioned Bennett’s name. The defense impeached Shuler with his deposition testimony, in which he stated that he did not know Bennett was a drug dealer. In his deposition, Shuler also stated that he did not know whether the cocaine belonged to Bennett or to another man. At trial he admitted that the drugs could have belonged to the other man.
Bennett’s first point addresses Detective Paige’s testimony on redirect examination. Over Bennett’s objection, the trial court permitted the State to elicit Paige’s opinion about the habits of drug dealers and suppliers. He stated that “the only time you actually get tq meet the supplier is once you move up into the larger amounts, as I did eventually, or by coincidence....” He then *1090 testified that the supplier shows up when the deal involves large quantities of drugs, so that he can guard the merchandise. Finally, Paige opined that a detective never learns the name of the supplier.
The trial court erred in admitting this testimony. In a very similar case, Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), the court held that it was error to admit a police officer’s testimony that there was a correlation between carrying large amounts of cash and selling illegal drugs. In doing so, the Lowder court noted that a “defendant has the right to be tried based on the evidence against him, not on the characteristics of conduct of certain classes of elimináis in general. Any probative value such evidence might have held was substantially outweighed by its prejudicial impact.” Id. at 935-936. See also Nowitzke v. State, 572 So.2d 1346 (Fla.1990) (rejecting as improper officer’s testimony that he knew drug addicts who stole to support their families); Ralston v. State, 555 So.2d 443 (Fla. 4th DCA 1990) (finding error in admission of police officer’s opinion about whether defendant’s demeanor showed he had previously sold drugs).
Paige’s testimony in this ease was severely prejudicial to Bennett. There was nothing inherently criminal about Bennett’s act of driving another man to a meeting in a restaurant parking lot. Yet Paige’s statements could have led the jurors to infer that Bennett’s mere presence at the scene fit the profile of the typical drug supplier. No evidence tied Bennett to Shuler before the drug sale that resulted in their arrests. Paige, however, used this lack of evidence to support the profile by stating that the only time a buyer meets a supplier is when the sale involves large quantities of drugs. The overall effect of Paige’s opinions was to bolster the case against Bennett based on the absence of evidence to connect him to the crime.
We also agree with Bennett’s second contention, that the trial court erred in restricting his cross-examination of Shuler. Shuler originally had been Bennett’s code-fendant. In addition to the charge for which Bennett was convicted, Shuler had been charged with eight other crimes based on his earlier drug sales to Detective Paige. He had entered into a plea agreement and already had been sentenced to twelve years’ imprisonment. The jury knew nothing about the nature of those charges, or the maximum penalties they carried. The trial court prevented defense counsel from asking Shuler how many years of imprisonment he faced before he entered into the plea agreement.
If the charges against Shuler had been pending, as is the usual case with codefend-ants, Bennett would have had the right to cross-examine him about the nature of the charges to show bias or a motive to fabricate. See Patterson v. State, 501 So.2d 691 (Fla. 2d DCA 1987) (stating that defendant has absolute right to bring out pending criminal charges in cross-examination of prosecution witness). The fact that Shuler had already been sentenced for his crime does not change our analysis. See Breedlove v. State, 580 So.2d 605 (Fla.1991) (holding that if witness is presently or was recently under actual criminal charges, person against whom witness testifies in criminal case has absolute right to bring out those circumstances on cross-examination). The trial court should have permitted Bennett to bring out the types of offenses charged against Shuler, and the penalties he faced.
We reverse Bennett’s conviction and remand for a new trial in accordance with this opinion.
PARKER, C.J., and RONDOLINO, ANTHONY, Associate Judge, concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).