PADOVANO, J.
Larry Pride, Jr., the defendant, appeals his convictions on two counts of possession of cocaine with intent to sell and two counts of sale of cocaine. We conclude that the trial court erred by admitting hearsay evidence that the defendant had been selling drugs in the neighborhood. Consequently, we reverse for a new trial.
The case against the defendant involved two drug transactions both of which were considered in a single jury trial. According to the information, the defendant sold cocaine on August 31, 1999, and again on September 7, 1999. Both transactions were controlled purchases by police informants.
In his opening statement, the prosecutor explained why the police officers decided to arrange a controlled purchase of drugs from the defendant. He said that Sergeant Tom Warren of the Suwannee County Sheriffs Office had received word from an informant named Jake Horne that the defendant was selling crack cocaine in the neighborhood. Defense counsel objected on the ground that the state was referring to inadmissible hearsay, but the objection was overruled.
When Sergeant Warren was called to testify, the prosecutor asked him to relate what Home had told him regarding the defendant’s previous drug activity. Defense counsel objected on the ground that the statement was hearsay, but, once again, the objection was overruled. The trial court accepted the prosecutor’s argument that Horne’s statement was admissible because it was not offered to prove the truth of the matter asserted, that is, that the defendant was dealing drugs, but rather to explain why the police initiated the investigation.
Based on this reasoning, the trial court allowed the state to present statements Horne made to Sergeant Warren in connection with each of the two transactions. Sergeant Warren said that Horne told him before the first controlled purchase that a person later identified as the defendant had been dealing drugs in the neighborhood. At some point before the officers arranged the second controlled purchase, Horne reportedly explained to Warren that the defendant had set up shop in the back side of an apartment building and that he was taking the place of another seller who had been arrested. Warren was allowed to repeat each of these statements to the jury.
The state defends the ruling on appeal on the ground that the statements were admissible to explain why the officers decided to arrange the controlled drug *42 purchases. However, the weakness in this argument is that the circumstances leading to the investigation were not relevant to any issue in the case. The defendant did not contend that he had been unfairly targeted. Nor did he otherwise attack the investigative methods employed by the police. The state had no need to justify the actions of the police officers and therefore no reason to pass along the incriminating hearsay statements directing them to the defendant.
An extrajudicial statement to a police officer is generally not admissible for the purpose of explaining the logical sequence of events leading up to an investigation and arrest. As the supreme court explained, “the need for the evidence is slight and the likelihood of misuse is great.” State v. Baird, 572 So.2d 904, 908 (Fla.1990); see also Caruso v. State, 645 So.2d 389 (Fla.1994); Conley v. State, 620 So.2d 180 (Fla.1993). In most situations, it will be apparent to the jurors that the investigating officer must have acted on information about the defendant. There is no need to say what the information was.
If an explanation is required, it is often enough to say that the officers received a tip or that they acted on information they received, without repeating the details of the statements made to them by others. See Fluellen v. State, 703 So.2d 511, 512 (Fla. 1st DCA 1997) (holding that the trial court erred in permitting the arresting officers to testify about the contents of a tip that led to the defendant’s arrest); Asberry v. State, 568 So.2d 86, 87 (Fla. 1st DCA 1990) (“[tjhere is a fine distinction between a statement justifying or explaining presence or activity, and one that includes incriminating details”). Permitting the witness to repeat the contents of a tip relating accusatory information under these circumstances is error. Id. Based on these authorities, we conclude that the statements at issue were hearsay and that they should have been excluded from evidence.
We are unable to excuse the improper admission of the statements by applying the harmless error standard. The only eyewitnesses to the first transaction were the defendant and Jake Horne. Another informant, Paul McCurley, was present during the second transaction and he testified that he purchased drugs supplied by the defendant to Horne who was acting as a middleman. The defendant testified that he did not sell cocaine on either occasion. Although the state presented some additional evidence, the case turned primarily on the credibility of the police informants. As the prosecutor said in his closing argument, “[sjomeone in this case is lying .... it’s either our witnesses or it would have to be the defendant.”
The admission of Horne’s hearsay statement under these circumstances served to bolster the uncorroborated testimony of the police informants. It is logical to assume that some jurors may have thought that Sergeant Warren believed Horne’s statement that the defendant had been dealing drugs. At the very least, the statement may have taken on some additional credibility when it was repeated by a trustworthy witness like Sergeant Warren.
In summary, we conclude that the trial court erred in admitting Horne’s hearsay statement to Sergeant Warren. The error is one that affects both of the alleged drug transactions. Because we are unable to say that it was a harmless error, we reverse the defendant’s convictions for a new trial.
Reversed.
WEBSTER, J., concurs. BOOTH, J., dissents.