920 So.2d 1282 (2006)
Alonzo Lewis JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4596.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
*1283 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
BAILEY, JENNIFER D., Associate Judge.
Johnson appeals his conviction for sale of cocaine asserting that the trial court erred in admitting evidence that he was the subject of a drug investigation. While we determine admission of the testimony was error, we find it harmless in light of the evidence of the defendant's guilt. Therefore, we affirm.
The state charged Johnson with sale of cocaine after an undercover officer purchased cocaine from him. At the trial, the state elicited the following testimony from the police officer:
Q: And what sort of dealings or investigation were you working on at that point?
A: Drug investigation.
Q: Okay. Was it particularly with someone?
A: Yes.
Q: And who was that person?
A: Mr. Johnson.
The applicable standard of review is whether admission of the testimony over defense objection was an abuse of discretion. K.V. v. State, 832 So.2d 264, 265 (Fla. 4th DCA 2002).
Defendant argues that admission of the reference to a drug investigation was an abuse of discretion, impermissibly injecting prejudicial bad character, propensity or other crimes evidence into the case. The state argues that the testimony was necessary to explain to the jury how the undercover officer could identify and make the buy from Johnson, and, as such, was permissibly introduced as part of a logical sequence of events or as inextricably intertwined in the cocaine sale.
"There is a fine line that must be drawn between a statement merely justifying or explaining such [police] presence or activity and one that includes incriminating *1284 (and usually unessential) details." Harris v. State, 544 So.2d 322, 324 (Fla. 4th DCA 1989). In this case, the reference to a drug investigation was simply unnecessary to the explanation that the undercover officer was given Johnson's picture, an address, a marked bill, and told to go buy cocaine from him. Limiting the testimony to those facts would have provided a complete picture of the transaction without the unnecessary implication that Johnson was involved in other crimes of a similar nature. Announcing to the jury that Johnson was the subject of a drug investigation is neither inextricably intertwined with the cocaine sale itself, nor is it necessary to explain a logical series of events. In this case, the testimony crossed the fine line referenced in Harris.
Notwithstanding the error, the detailed evidence as to Johnson's sale of cocaine to the undercover officer, who had his photograph, identified him, and paid him with a marked $50 bill, renders the error harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Accordingly, we affirm Johnson's conviction.
Affirmed.
WARNER and KLEIN, JJ., concur.