PER CURIAM.
Appellant’s sole contention in this direct criminal appeal is that the trial court committed reversible error when it permitted the state to offer over a hearsay objection testimony by a deputy that a person found by the deputy to be in possession of illegal drugs during a traffic stop had told the deputy that appellant had sold him the drugs, and that appellant could be found in a specific room at a local motel. Our review of the record satisfies us that the testimony was not offered for the truth of its contents. It was, instead, offered in rebuttal by the state to explain the deputy’s motive for focusing his attention on appellant upon entering the room, rather than on other occupants, after appellant had presented a defense based on the implication that the deputy’s actions had been racially motivated. As such, the testimony was not hearsay. See generally State v. Baird, 572 So.2d 904, 908 (Fla. 1990) (stating that such testimony is admissible to rebut a defense effort to suggest that the defendant had been improperly targeted for prosecution); Pride v. State, 809 So.2d 40, 42 (Fla. 1st DCA 2002) (same); Charles W. Ehrhardt, Florida Evidence § 801.2, at 714 (2005 ed.) (explaining that an out-of-court statement offered for a purpose other than to prove the truth of its contents is admissible provided that the purpose for which it is offered relates to a material issue). Because the defense had made the deputy’s motive for focusing on appellant a material issue and the state offered the testimony for that purpose, the trial court did not abuse its discretion when it permitted it. Accordingly, we affirm.
AFFIRMED.
KAHN, C.J., WEBSTER, and HAWKES, JJ., concur.