569 So.2d 495 (1990)
Herman ADAMSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1392.
District Court of Appeal of Florida, Third District.
October 9, 1990.
Rehearing Denied December 3, 1990.
Michael J. Doddo, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
PER CURIAM.
Defendant Herman Adamson appeals his conviction for manslaughter. He first contends that the trial court erred in allowing the investigating officer to testify with respect to the witness statements of witnesses Santos and Parks, who did not testify at trial. Although those statements would otherwise have been inadmissible hearsay, we conclude that the defense opened the door during its examination of the investigating officer and that the trial court properly allowed a limited inquiry by the State on cross examination. See Guerrero v. State, 532 So.2d 75, 77 (Fla. 3d DCA 1988). For the same reason, assuming for these purposes that the Williams rule[*] objection was properly made, the testimony was properly admitted.
Defendant also argues that the trial court abused its discretion in sustaining objections to two questions asked of the investigating officer regarding the effects of cocaine. We conclude that the trial court acted within the bounds of permissible discretion in ruling that the question called for an expert opinion the officer was not qualified to give. See § 90.702, Fla. Stat. (1989); Quinn v. Millard, 358 So.2d 1378, 1382 (Fla. 3d DCA 1978).
Affirmed.
NOTES
[*] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); see § 90.404(2), Fla. Stat. (1989).