582 So.2d 774 (1991)
Garrett Emil WRIGHT, a/k/a Derrick Talbert, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01604.
District Court of Appeal of Florida, Second District.
July 17, 1991.
John M. Edman, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Garrett Emil Wright, a/k/a Derrick Talbert, challenges the judgment and sentence imposed upon him after he was found guilty by a jury of the crime of armed robbery. We affirm.
The appellant raises four points on appeal. Although we reject all of the appellant's contentions, one of his points requires discussion. The appellant contends that the trial court erred in allowing the investigating officer to testify with respect to a statement of a witness who did not testify.
The appellant was charged with the armed robbery of a convenience store in Pinellas *775 County, Florida. The state presented two witnesses at the appellant's trial, the victim and the investigating officer. The officer testified that she talked to the victim and that the victim had identified the appellant from a photopak that she had put together.
On cross-examination, the officer was asked if fingerprints taken from the scene were compared with others, including those of one Willie Burnett. She was also asked if she had spoken with any witnesses whose statements ultimately led to the appellant's arrest. She responded in the affirmative and testified that she had talked to Willie Burnett. Further cross-examination established that Willie Burnett was the only witness that gave information leading to the appellant's arrest and that the photopak was created based upon this information. The appellant's attorney concluded his cross-examination of the officer by having her testify that Willie Burnett was at that time in jail in Pinellas County.
On redirect examination, the officer, over the objection of the appellant, was allowed to testify to the contents of her conversation with Willie Burnett. The officer testified that Willie Burnett told her that he drove the appellant to the store, waited for him to rob the store, and had received about $15 for his part in the robbery.
We agree, as does the state, that it is improper to introduce statements that incriminate an accused without affording him an opportunity to cross-examine the declarant. It is immaterial whether the situation arises because the statements are introduced through the testimony of a third party, as in this case, or because the person who made the statement, e.g., an accomplice or codefendant, takes the stand and refuses to answer questions concerning the statements. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Hall v. State, 381 So.2d 683 (Fla. 1978). In this case, however, the appellant through his actions and cross-examination, opened the door for the testimony, and it was, therefore, properly admitted.
During his opening statement, the appellant informed the jury that they were going to hear that the officer talked to certain witnesses before the appellant was arrested and asked them to listen carefully to what those witnesses told her. The witness's name was subsequently injected into the trial by the appellant's counsel through questions concerning fingerprints and then through questions concerning the basis for the appellant's arrest.
As a general rule, testimony is admissible on redirect examination which tends to qualify, explain, or limit testimony given on cross-examination. Tompkins v. State, 502 So.2d 415 (Fla. 1986). Since the appellant's questions established that Willie Burnett's statement was the basis for the appellant's arrest, the door was opened for the state's questions which clarified the testimony elicited by the appellant. Hinton v. State, 347 So.2d 1079 (Fla. 3d DCA 1977). See also Walton v. State, 481 So.2d 1197 (Fla. 1985); Adamson v. State, 569 So.2d 495 (Fla. 3d DCA 1990).
Furthermore, the appellant's statements and questions could easily have led the jury to infer that the statement which was the basis of the arrest was not sufficient to arrest the appellant. The state was, accordingly, properly allowed to ask the nature of the statement to rebut this inference. Tompkins.
We, accordingly, affirm the judgment and sentence imposed upon the appellant.
DANAHY and LEHAN, JJ., concur.