596 So.2d 756 (1992)
Vincent WALSH, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3067.
District Court of Appeal of Florida, Fourth District.
April 1, 1992.
Rehearing Denied May 4, 1992.
Michael D. Gelety, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant Walsh appeals his conviction and sentence entered against him after a jury found him guilty of first degree murder and kidnapping. We affirm the conviction, but remand to the trial court with instructions to correct sentence.
It is clear from the record that the trial court did not review a completed guidelines scoresheet before imposing a life sentence for the kidnapping charge. Florida Rule of Criminal Procedure 3.701(d)(1) requires that the court impose sentence only after reviewing a completed scoresheet. See Capehart v. State, 583 So.2d 1009 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 955, 117 L.Ed.2d 122 (1992); Holton v. State, 573 So.2d 284 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991). On remand, the trial court shall resentence only after reviewing a properly completed scoresheet.
Walsh raises several other points on appeal, only one of which merits discussion. This point stems from the trial court's alleged Bruton violation. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The Bruton court held that introducing into evidence the incriminating confession of a codefendant violates a defendant's rights under the confrontation clause of the sixth amendment unless the codefendant waives his fifth amendment rights so as to permit cross-examination. The codefendant in our case was Michael Bedford. He was tried separately, and following his motion for protective order based on his fifth amendment rights, the court ruled that he could not testify in Walsh's trial. Nevertheless, the jury ultimately heard the entire confession which Mr. Bedford had given the police.
*757 Both parties agree that Walsh and Bedford were in a limousine with the victim at the time of the crime, and that the victim died at the hands of Bedford while Walsh was driving. The court perceived, without disagreement, that at least part of the defense strategy was to distance Walsh from Bedford's violent act. Accordingly, counsel for Walsh began cross-examination of Sergeant Fantigrassi, the officer who took Bedford's statement, as follows:
Q. At the conclusion of the taped statement, did Mr. Bedford indicate to you that he was with the person in the back of the limousine with the girl when she died?
A. That was a portion of his statement, yes, a small part of it.
Q. And Vincent [Walsh] was not in the back of the limousine when the girl died; is that correct?
A. Again, you are taking a large portion of this out of context, but yes, that's what he did say in one portion of his statement.
The trial court found, and we agree, that this questioning opened the door to allow the entire statement of Bedford to be introduced to the jury.
The court ruled that on redirect, Fantigrassi could testify as to the remainder of Bedford's statement so the jury could place the cross-examination testimony in proper context. The court relied on United States v. Ramos, 861 F.2d 461 (6th Cir.1988). In that case, Ramos was being tried together with two other defendants, all of whom retained their fifth amendment rights. Anticipating a possible Bruton problem, the court admonished the prosecutor not to refer to any portion of Ramos' confession which implicated his codefendants. While the prosecutor made no mention of the confession, defense counsel made several references to the confession during cross-examination of drug enforcement agents. The court then allowed the prosecutor on redirect to clarify, over objection, misconceptions created by the defense on cross. 861 F.2d at 468.
The trial court in our case found similarly that there could be no Bruton violation because counsel for the defendant, on cross-examination, opened the door. Defense counsel's "door opening" questions were designed unquestionably to glean select portions from Bedford's statement which implicated Bedford in the murder, but not Walsh. The trial court properly allowed introduction of the remainder of Bedford's statement on redirect to "qualify, explain, or limit cross-examination testimony." Tompkins v. State, 502 So.2d 415, 419 (Fla. 1986) (citations omitted), cert. denied, 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 781 (1987).
Walsh attempts to distinguish Ramos from his case because the court in Ramos warned defense counsel "after several openings" that his actions may open the door. Florida opinions provide, however, that a defense counsel's actions need not draw any warning from the court, nor be so egregious as Walsh insists. See, e.g., Tompkins, 502 So.2d at 419 (defendant's single question on cross-examination opened the door to otherwise improper redirect examination); Walton v. State, 481 So.2d 1197, 1200 (Fla. 1985) (defendant's single question concerning source of affidavit opened door to its inculpatory contents); Wright v. State, 582 So.2d 774, 775 (Fla.2d DCA 1991) (three questions concerning source of incriminating statement opened door to entire statement); Adamson v. State, 569 So.2d 495 (Fla.3d DCA 1990) (defendant's cross-examination opened the door to otherwise inadmissible hearsay). Nor do any of these opinions even suggest that the trial court forewarned defense counsel, or should have, before determining that their cross-examination opened the door.
Accordingly, we find that the remainder of Bedford's statement was correctly introduced pursuant to the dictates of Ramos. We therefore affirm Walsh's conviction, but reverse in part and remand for resentencing proceedings consistent with this opinion.
DELL, GUNTHER and POLEN, JJ., concur.