PER CURIAM.
Appellant brings this appeal from his conviction for carrying a concealed firearm. We find that Watson did not preserve his first issue concerning the prosecutor’s comments, having failed to move for a mistrial. However, as to Watson’s second issue, we agree that the trial court erred in admitting irrelevant hearsay testimony and that this error was not harmless beyond a reasonable doubt. Therefore we reverse.
Watson was charged with carrying a concealed firearm in violation of section 790.-01(2), Florida Statutes (1989). Officer Curry of the Fort Pierce Police Department testified that he responded to a complaint of a disturbance involving a handgun. The complainant, Mr. Goodman, met Curry in the parking lot of an apartment complex and pointed out Watson, who at that time was walking his dog within the complex. Watson was holding a black leather bag under his arm, and when Curry asked Watson what was in the bag, appellant responded that he was carrying a 9-millime-ter Baretta. Watson was placed under arrest.
Watson testified that he was attending a gun show where he bought a new gun case specifically for the Baretta. When he returned to his apartment that evening he made several trips from his car to his apartment in order to unload items he had purchased from the gun show. He saw his neighbor, Robert Goodman, on one of his trips from the car to his apartment. Watson testified that he and Goodman had been feuding for a long time, but Watson *23 chose to ignore him. The Baretta was the last item he removed from the car, and he tucked the gun in its case under his arm while he stood outside with his dogs.
On cross-examination, the following exchange occurred:
MR. SPILLER [Counsel for the State]: You also offered an opinion to the jury that Robert Goodman called the police to get you in trouble because he had seen some guns being moved into your house, is that what you’re telling this jury?
APPELLANT: I think so, yes. I mean it’s obvious from the police report that he called, yes. He called to get me in trouble.
Q. Now you were present at some point in time that evening when Robert Goodman was in the presence of yourself and Officer Curry before he took you to jail weren’t you?
A. Yes, after I was arrested he came up to the car.
[[Image here]]
Q. And didn’t you hear Robert Goodman in so many words tell Officer Curry that you had confronted him with a firearm?
MR. UNRUH [Counsel for Appellant]: I’m gonna object to this. Objection, he’s just back dooring Robert Goodman’s testimony and he didn’t bother to bring Robert Goodman in to testify and he’s testifying to it himself.
THE COURT: Well, there’s some testimony that he had some conflicts I believe as I recall on direct. So I’ll overrule the objection as long as we don’t belabor it too much.
MR. SPILLER: Where you present when Robert Goodman said that or words to that effect to Officer Curry?
A. Yes, he came out.
Q. And you’ve also had access to discovery materials as provided by the State to the defense in preparation for trial, right?
A. After I was released I went down to the Ft. — the police department and got a copy of the statements.
Q. All right. And you know in that statement that Robert Goodman saying [sic] that you came to him with a gun, not in a gun case, and racked around [sic] into the chamber and said we need to talk.
A. That’s what he said but that’s not true.
The jury found Watson guilty of carrying a concealed firearm and he was sentenced to five years probation.
Watson argues that the trial court erred in allowing the state to cross-examine Watson as to the conversation he overheard between the complainant, Goodman, and Officer Curry at the time Watson was arrested. Both parties rely upon Wright v. State, 582 So.2d 774 (Fla. 2d DCA 1991). In Wright, the defendant introduced evidence through a state’s witness that a third party had been present with the defendant at the scene of an armed robbery, and that the third party’s statement to police had been the basis for defendant’s arrest. The state, on redirect, questioned its witness regarding statements made to the police by that third party, which implicated the defendant in the crime. Id. at 775. The appellate court held that the defendant had opened the door to the testimony regarding the content of the third party’s statements to police. Id. The court further noted that the state was properly allowed to ask the nature of the statement in order to rebut the inference that the statement was not sufficient to form the basis for the defendant’s arrest. Id.
In the instant case Watson opened the door to the cross-examination questions regarding Goodman’s statement to Officer Curry. However, unlike the circumstances in Wright, Goodman’s third party statement should not have been admitted in the instant case because it was not material to any issue in the case.
“[A]n out-of-court statement which is offered for a purpose other than proving the truth of its contents is admissible only when the purpose for which the statement is being offered is a material issue in the case.” State v. Baird, 572 So.2d 904, 907 (Fla.1990). In the instant case, the state *24 sought to admit Goodman’s statement to Officer Curry in order to rebut the inference that Goodman was simply causing trouble and had no valid reason to call the police. However, Goodman’s reason for calling the police is not material to the issue of whether Watson was guilty of carrying a concealed firearm. Unlike Wright where the third party’s statement formed the basis for the arrest and was therefore material, Goodman’s statement to Officer Curry that appellant had threatened him with the gun did not form the basis for appellant’s arrest and was not pertinent to any other material issue raised during the trial. Therefore, the third party statement of Goodman was not admissible as non-hearsay because the state’s purported reason for its admission did not go to a material issue in the case.
Our conclusion that the trial court reversibly erred in admitting this hearsay is further supported by the fact that Goodman’s statement implicated a crime more serious than the one Watson was actually charged with and convicted of. Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989). While Watson was convicted of carrying a concealed firearm, the hearsay testimony of Goodman implicated Watson in an aggravated assault with a firearm. Under these circumstances, the error in admitting this testimony could not be considered harmless. We are unable to say, beyond a reasonable doubt, that the potential confusion of issues caused by testimony concerning a charge of assault with a firearm did not contribute to the verdict. State v. Di-Guilio, 491 So.2d 1129, 1138 (Fla.1986).
Watson’s conviction is reversed and this cause is remanded for a new trial.
REVERSED and REMANDED.
POLEN, J., and ALDERMAN, JAMES E., Senior Justice, concur.
FARMER, J., concurs in conclusion only.