841 So.2d 653 (2003)
Angela BARONE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2471.
District Court of Appeal of Florida, Third District.
April 9, 2003.
*654 Robbins, Tunkey, Ross, Amsel, Raben, Waxman & Eiglarsh and Benjamin S. Waxman, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., SHEVIN and WELLS, JJ.
SHEVIN, Judge.
Angela Barone appeals a judgment of convictions for conspiracy to traffic, trafficking and importation of phenethylamine. We reverse.
Barone and Gloria Baez, her travel companion, were arrested at Miami International Airport; a search of Barone's luggage revealed drugs secreted in toiletry containers. Baez gave the following post-arrest statement:
I Gloria Baez was supposed to travel to Amsterdam with AngelaAngela and I were supposed to pick up and each bring 3,000 pills eachI Gloria Baez decided that it was not worth it and left them behind.
Later we were supposed to deliver them to Cornelli.
While in Amsterdam, I help Angela with packaging (cleaning) the ecstacy. (I am willing to cooperate in helping contacting Cornelli).
Baez entered into a plea bargain with the state and was not tried with Barone. At trial, the court ruled that Baez's entire statement was admissible after defense counsel cross-examined Detective Prellezo whether Baez, rather than Barone, named Cornelli as the intended recipient. Barone testified that she knew nothing about the drugs; she stated that the toiletry containers belonged to Baez, her co-defendant. Barone was convicted as charged. On appeal, Barone contends that the trial court abused it discretion in admitting Baez's statement explaining her involvement, and implicating Barone in the charged crimes.
We agree and hold that the Baez's hearsay statement[1] was not admissible under either concepts of "opening the door" or the "rule of completeness."[2] Here, defense counsel questioned the arresting detective concerning his testimony that Barone provided him with the name of the intended recipient of the drugs. That cross-examination sought to show that the detective was mistaken when he testified that Barone gave him the recipient's name. The limited and precise inquiry as to a collateral issuethe provider of the namedid not create any confusion justifying admission of the entire statement under the "rule of completeness." See Gutierrez v. State, 747 So.2d 429, 432 (Fla. 4th DCA 1999)(where state only introduced *655 couple of lines of a written statement to impeach testimony on a collateral matter, admission of remainder of statement is neither necessary nor fair). See also Evans v. State, 808 So.2d 92, 104 (Fla.2001)(court properly limited detective's cross-examination where detective did not testify as to partial statement that required further clarification), cert. denied, ___ U.S. ___, 123 S.Ct. 416, 154 L.Ed.2d 297 (2002). Cf. Mendoza v. State, 700 So.2d 670 (Fla.1997)(court did not abuse its discretion in admitting statement where defense counsel's reading of random parts of statement likely left jury with mistaken impression that statement "differed substantially" from trial testimony), cert. denied, 525 U.S. 839, 119 S.Ct. 101, 142 L.Ed.2d 81 (1998).
In addition, the limited questioning did not open the door to admission of the statement; the inquiry merely sought to address the issue of which of the two women provided the detective with the intended recipient's name. The remainder of the co-defendant's statement did not "qualify, explain, or limit" the detective's testimony. The cross-examination "did not throw the door open wide enough to admit the entire confession of a [non-testifying] co-defendant." Pacheco v. State, 698 So.2d 593, 595-96 (Fla. 2d DCA 1997). See Ramirez v. State, 739 So.2d 568, 578 (Fla.1999), cert. denied, 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000). Therefore, the hearsay statement was inadmissible.
The error was clearly harmful. The co-defendant's statement directly implicated Barone and bolstered the detective's disputed testimony. The admission of this unimpeached eyewitness testimony had a devastating effect on Barone's defense. See Garcia v. State, 816 So.2d 554, 563 (Fla.2002); Brooks v. State, 787 So.2d 765, 779-80 (Fla.2001); Tindall v. State, 645 So.2d 129 (Fla. 4th DCA 1994).
Accordingly, we reverse the judgment of convictions and remand for a new trial.[3]
NOTES
[1] The state does not dispute that the statement is hearsay that does not fall within any hearsay exception and violates the Confrontation Clause. Ramirez v. State, 739 So.2d 568, 578 (Fla.1999), cert. denied, 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000).
[2] The "rule of completeness" is a separate evidentiary rule within the general principle of "opening the door." Ramirez, 739 So.2d at 580. The premise of both concepts is fairness. Id. at 579-80. The "opening the door" concept permits the admission of otherwise inadmissible evidence to "qualify, explain or limit" previously admitted evidence. Id. at 579. The "rule of completeness" provides that "[w]hen a writing ... is introduced by a party, an adverse party may require ... her at that time to introduce any other part ... that in fairness ought to be considered contemporaneously." § 90.108(1), Fla. Stat. (2002). The rule seeks "to avoid potential for creating misleading impressions by taking statements out of context." Larzelere v. State, 676 So.2d 394, 401 (Fla.), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996); Miller v. State, 780 So.2d 277, 280 (Fla. 3d DCA 2001).
[3] Because we are reversing the convictions, it is unnecessary to reach the remaining points on appeal. As to the state's closing argument, we remind the state that it is improper to argue that defendant has not testified truthfully without a record basis. See Craig v. State, 510 So.2d 857 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988); Cooper v. State, 712 So.2d 1216 (Fla. 3d DCA 1998).