992 So.2d 335 (2008)
Kenyatta BROOKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1210.
District Court of Appeal of Florida, Third District.
October 1, 2008.
Bennett H. Brummer, Public Defender, and Jessica Zagier, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
PER CURIAM.
Affirmed. See Barone v. State, 841 So.2d 653, 655 n. 2 (Fla. 3d DCA 2003) (The concept of "opening the door" allows the admission of otherwise inadmissible evidence to qualify, explain, or limit previously admitted testimony or evidence.).
SUAREZ and CORTIÑAS, JJ., concur.
RAMIREZ, J. (dissenting).
I respectfully dissent because I cannot agree that a statement made by defense counsel during closing argument "opened the door" for the highly damaging instruction the trial court gave the jury just before the start of their deliberations that appellant Kenyatta Brooks was "convicted of at least more than one felony."
The State charged Brooks with first-degree premeditated murder, and possession of a firearm by a convicted felon. Inexplicably, the defense opted not to sever the two charges. The State suggested stipulating that Brooks had eight felonies. Defense counsel asked that the jury not be told the number of felonies because that would be prejudicial. The trial court ruled "it would probably be more appropriate to just have the stipulation that he's a convicted felon and not state the number." The parties settled on the stipulation that "the defendant is a convicted felon."
After the close of testimony, the trial court failed to announce the stipulation. The State and defense gave closing arguments. During closing argument, defense counsel entreated the jury, "And I ask you, you know, because a man may have made a mistake in the past and is a convicted felon ... that you would not hold it against him." The State objected, but was overruled.
Following closing arguments, the State argued that defense counsel told the jury that Brooks had one conviction. After the court reporter read back the transcript, it became clear that the State had actually misheard. Nevertheless, the State continued *336 arguing that defense counsel had said that Brooks had only one conviction, "one mistake, youthful offense," and the State was "fingering him because he was the only convicted felon on the scene."
The defense explained that he repeated the principle from voir dire. Specifically, defense counsel stated "if somebody made a mistake in the past and may have been a convicted felon, would you hold it against them." The trial court ruled as follows:
The Court is concerned that the inference that was made by Defense counsel, in terms of saying that he made a mistake, is that he has a blemish on his record. And that kind of is an unfair advantage. However, the Court believes it may be a problem in terms of mentioning that he has eight felony convictions. So what the Court will do to try to remedy the situation is when I read the stipulation, I will let the jurors know that the defendant has several felony convictions.
Defense counsel objected because telling the jury that Brooks had several felonies would be highly prejudicial. After assuring counsel the issue was preserved, the court required counsel to choose the wording to tell the jury Brooks had multiple felony convictions. The trial court announced to the jury, "there's a stipulation by the parties ... the defendant has been convicted of at least more than one felony."
I do not agree that defense counsel "opened the door" for the new "stipulation" when he stated that Brooks had made "a mistake in the past and is a convicted felon." The majority relies on Barone v. State, 841 So.2d 653, 655, n. 2 (Fla. 3d DCA 2003), which stated: "The `opening the door' concept permits the admission of otherwise inadmissible evidence to `qualify, explain or limit' previously admitted evidence." (Emphasis added.) Here, Brooks presented no evidence which needed to be qualified, explained or limited. The Barone case quoted from Ramirez v. State, 739 So.2d 568, 579 (Fla. 1999), which called the concept "an evidentiary principle." We know, however, that what counsel says is not evidence. See Standard Jury Instruction 2.7 ("The attorneys now will present their final arguments. Please remember that what the attorneys say is not evidence...."). I have never seen the concept used to counter an argument of counsel, particularly an argument that was objected to and overruled. Clearly, what the trial judge should have done is to sustain the objection and instruct the jury to disregard the statement. But to instruct the jury that Brooks had been convicted "of at least more than one felony," in my view, was an improper method for the trial court to correct its previous error in overruling the objection.
The trial court's error was not harmless and was highly prejudicial. Brown v. State, 719 So.2d 882 (Fla.1998), held that the number and nature of a defendant's prior convictions should not be disclosed to a jury. The Court stated:
Offering into evidence anything beyond what is necessary to establish the defendant's legal status as a convicted felon is irrelevant....
Accordingly, we hold that when requested by a defendant in a felon-in-possession of a firearm case, the trial court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon.
Id. at 889.
Brooks was on trial for first-degree premeditated murder and possession of a firearm by a convicted felon. All the prosecution needed to convict him of the latter charge was to prove that Brooks possessed *337 a firearm because the original stipulation established that he was a convicted felon. Whether he was convicted of one felony or eight had no probative value as to the issues being tried, whether he had murdered the victim and whether he possessed a firearm. Any embellishment on the fact that Brooks was convicted of more than one felony only served to show propensity. The new stipulation did nothing more than risk a conviction on improper grounds. Id.
The trial court thus erred when it advised the jury that Brooks had been convicted of "at least more than one felony." During closing argument, defense counsel employed the same language of the initial stipulation, "a convicted felon." Defense counsel's statement that Brooks made "a mistake in the past and is a convicted felon" is not indicative of the number of convictions Brooks had. The State has seized on the words "a mistake" to justify putting before the jury this highly prejudicial instruction. But this statement does not equate to a specific number of convictions. It was in line with defense counsel's approach initially discussed during voir dire that the jury not "hold" Brooks' past "against him."
The trial court instead allowed the jury to consider evidence that Brooks had multiple convictions and this was not harmless error. While a trial court has wide discretion when it admits evidence, its decision may be overturned on appeal when it abuses its discretion. See Jent v. State, 408 So.2d 1024 (Fla.1981).
The trial court's error here was highly prejudicial. It was the last thing the jury heard before deliberations. Brown unequivocally stated that trial courts must accept stipulations to felon status and should not disclose the number of convictions to the jury. 719 So.2d at 889. It reasoned that there is an "additional and unnecessary risk of prejudice that comes with disclosure of the number or nature of the prior convictions" in a felony trial involving the possession of a firearm. Id. at 888. To allow the State to circumvent this rule based on a concept, which has never been applied outside the evidentiary context, and based on counsel's imprecise assertion of "a mistake" directly contradicts the mandates of Brown.
The trial court therefore abused its discretion when it admitted the stipulation that Brooks was "convicted of at least more than one felony." The error was not harmless and highly prejudicial.