DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES RYAN LOPIANO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-4267

[May 6, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case Nos. 09006382CF10A and 09008573CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant James Lopiano was convicted of three counts of lewd or lascivious molestation under section 800.04(5), Florida Statutes (2009). He was sentenced to twenty-five years imprisonment followed by lifetime sex offender probation. Appellant now challenges his conviction and sentence. Specifically, Appellant argues 1) the trial court erred by denying a motion in limine to exclude portions of Appellant's interrogation referring to alleged penetration and the accompanying police statements; 2) the court erred by not assuring his presence in the courtroom at all times; and 3) the court erred by not sentencing him to less than the statutory minimum. Because we reverse based on the first issue, we need not discuss Appellant's other arguments.

**Background**

At the time of the accusations against Appellant, he lived in a single home with his two brothers, sister-in-law, and his niece and nephew, both under the age of eight. After both children told their mother that Appellant

had touched their genitals, the mother alerted the police, who began an investigation of Appellant's actions.

As part of this investigation, Appellant was questioned by an officer from the Plantation Police Department. Although Appellant initially denied any inappropriate touching of the children, he admitted that he often tickled the children, which may have led to him accidentally touching the children's genitals. When pressed by the officer, however, Appellant eventually admitted touching his niece's vaginal area and his nephew's penis because it made him sexually aroused. However, despite the lack of evidence that Appellant had done anything beyond rubbing the children's genitals, the questioning officer continued to ask Appellant if he had digitally penetrated either child. When Appellant denied doing so, the officer stated that he did not believe Appellant's denials.

At trial, both children testified that Appellant touched them. Additionally, the State introduced a recording of Appellant's interrogation. The recording was partially redacted, but still included the officer's questions to Appellant about penetration, along with the officer's commentary expressing skepticism at Appellant's denial. Appellant was convicted of three counts of lewd or lascivious molestation.

**Analysis**

Lewd or lascivious molestation under section 800.04(5)(a), Florida Statutes (2009), occurs when a person "intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator." While a showing that a defendant digitally penetrated a child would certainly be sufficient to obtain a conviction under Chapter 800, evidence of penetration or insertion is not necessary to prove guilt of the crime of which Appellant was charged. Additionally, neither of the children accused Appellant of an act of penetration, there was no evidence that he had done so, and Appellant repeatedly denied penetrating either of the children. The probative value of the officer's questions about penetration was low, while the risk of prejudice to the Appellant from these questions was significant, given the inflammatory nature of these unsupported allegations. Therefore, it was erroneous to allow these questions and answers into evidence.

Furthermore, the admission of the officer's repeated statements that he did not believe Appellant's denials was also erroneous. A police officer's testimony or comments suggesting a defendant's guilt invades the

2

province of the jury to decide guilt or innocence. *Martinez v. State*, 761 So. 2d 1074, 1079-80 (Fla. 2000) (stating that, generally, "a witness's opinion as to the guilt or innocence of the accused is not admissible . . . on the grounds that its probative value is substantially outweighed by unfair prejudice to the defendant"); *Sparkman v. State*, 902 So. 2d 253, 259 (Fla. 4th DCA 2005). Commentary by officers is allowed when it provokes a relevant response or provides context. *Jackson v. State*, 107 So. 3d 328, 340 (Fla. 2012); *McWatters v. State*, 36 So. 3d 613, 638 (Fla. 2010). Here, however, Appellant's responses fall short of that mark. Appellant's specific statements denying the alleged penetration may have had some value in corroborating his earlier confession ("I would never do that to a child. Yeah I told you what I did to them but no I would not penetrate them"), but the probative value of these statements was sufficiently outweighed by the unfair prejudice to his defense engendered by admission of the officer's commentary.

The error of admitting the police officer's commentary was harmful. In *Watson v. State*, 603 So. 2d 22, 22 (Fla. 4th DCA 1992), a criminal defendant was charged with carrying a concealed firearm. While the defendant was on the stand, the State inquired if he had heard a witness tell the arresting officer that the defendant had threatened that witness with a firearm. *Id.* at 23. We held that the witness's statement was inadmissible as it was not material to the charged crime. *Id.* at 24. Further, we held the admission of the statement to be harmful error because "[the witness]'s statement implicated a crime more serious than the one [defendant] was actually charged with and convicted of." *Id.* (citing *Harris v. State*, 544 So. 2d 322 (Fla. 4th DCA 1989)). Similarly, the accusation that Appellant "penetrated" the victims in this case, though refuted, was more serious than the actual allegations at issue. We cannot say this error did not possibly contribute to Appellant's conviction. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

## Conclusion

The trial court erred by denying Appellant's motion in limine to exclude certain portions of his interrogation and the corresponding commentary by the investigating officer. This error cannot be said to be harmless. Accordingly, we reverse Appellant's conviction and remand the case to the trial court for further proceedings.

*Reversed.*

DAMOORGIAN, C.J., and CONNER, J., concur.

3

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*